# PIOCHE *v.* PAUL *et al.*

No WELL considered decision of this Court ought to be overruled unless it clearly violates some established rule of law, and great evils are likely to flow from suffering it to stand as a rule of property.  It is an additional reason for standing by a decision that it was based upon the construction of a statute and affects titles to real estate.

*Lathrop* v. *Mills* (19 Cal. 513), deciding that the Statute of March 26th, 1856, limiting the time for commencing actions by a patentee was, in this respect unconstitutional, affirmed on the principle of *stare decisis.*

In an action of ejectment one of several defendants, who in his answer disclaims all right, title, and interest in the premises, but also denies all the allegations of the complaint, and avers that "he was and still is lawfully seized and in possession" of the land claimed, is a proper party, and is not entitled to have the action dismissed as to himself.

Where the plaintiff in ejectment derives title from a United States patent issued upon confirmation of a Spanish or Mexican grant, the defendant will not be permitted to introduce proof of the invalidity of the grant for the purpose of impeaching the patent.

Pending proceedings to obtain confirmation of a Mexican grant the claimants

conveyed the land to H. and took back a mortgage to secure the purchase money, and afterwards commenced an action to foreclose the mortgage, and before decree assigned the same to M. At the sale under the decree the claimants bid off the property and in due course obtained the Sheriff's deed, and subsequently, upon confirmation of the claim, a patent. In an action of ejectment by a grantee of the patentees against P., the defendant objected that by the transaction above stated the patentees had parted with the title, and that plaintiff took nothing by his conveyance from them : *held,* that the title conveyed by the patentees to H. was revested in them by the Sheriff's deed, and that any equitable rights of M. in the premises afforded defendant no ground for impeaching that deed in this action.

APPEAL from the Twelfth Judicial District.

The facts are stated in the opinion.

*W. A. Cornwall,* for Appellant.

I.   The action was barred by the Limitation Act of March 26th, 1856.   The decision of this Court in *Lathrop* v. *Mills* (19 Cal. 513) is not law and should be overruled.   We respectfully ask this Court to review that decision, and we refer to the arguments presented in favor of the respondents in that case, one of which was, that the eleventh section of the act in question was recognized by this Court in *Morton* v. *Folger* (15 Cal. 284)—Justice FIELD delivering the opinion—as a legal and valid exercise of sovereign power by the State through its Legislature.

II.   The defendant James Paul disclaimed any interest in the subject of the action, and the referee therefore erred in denying the motion to dismiss as to him, and erred in rendering a judgment against him for damages.

III.   The City or Pueblo of San Francisco is now presenting her claim to four square leagues of land in the District Court of the United States for the Northern District of California, and it is anticipated that the claim will be confirmed and that a patent will be issued by the United States.   This Court held in *Hart* v. *Burnett* that the grant to the pueblo was made at a date long prior to the date of the pretended Bernal grant, under which the plaintiff claims to recover in this action, and the whole of the so-called Bernal grant being included within the four square leagues granted to the pueblo, we ask what will be the effect of the issue of a patent

Pioche *v.* Paul.

to the pueblo for the whole of her claim.  As the senior grantee it must, doubtless, place her in a position to contest the Bernal patent, which does not affect third persons but is conclusive between the United States and the patentees only.

We claim in this action that Horatio Paul, as the grantee of the pueblo of the premises in dispute, is a " third person " within the meaning of the Act of Congress of 1851 ; that he has such a standing in Court as elevates him above the character of a mere trespasser, and enables him to attack the patent collaterally upon the ground of fraud or otherwise.  We claim also that if the pueblo, as the senior grantee of the land, may be permitted to prove that the so-called Bernal grant is a forgery beyond question, and that her title is the paramount title, then the referee erred in this action in refusing to permit the defendant Horatio Paul to prove that the Bernal grant, under which this plaintiff claims, is a forgery.

In *Waterman* v. *Smith* (13 Cal. 419) this Court say that " the patent is conclusive evidence of the right of the patentee to the land described therein."  That was a case where ·both parties claimed the same land under two distinct grants from the Mexican Government.  Now, if two distinct patents for the same land should be issued to different parties, as in *Jackson* v. *Lawton* (10 Johns. 24), which patent would be conclusive evidence of the right of the patentee to the land ?

We think the doctrine of *Waterman* v. *Smith,* if it is intended to apply to patents issued by the United States to private individuals for pueblo lands, is inconsistent with the sixth proposition affirmed by this Court, in *Hart* v. *Burnett,* in the following words : " Sixth, that this property and these trusts were public and municipal in their nature, and were within the control and supervision of the State sovereignty, and that the Federal Government had no such control or supervision."

IV.  The plaintiff shows no conveyance or assignment from Samuel Moss, Jr. ; he was the *bona fide* owner of the mortgage made by Hutchinson, and the owner of the judgment obtained against the mortgagor.  The sale of the premises to the Bernals, as the judgment creditors, was therefore void.  The assignment of

the mortgage and judgment to Samuel Moss, Jr., was of record, and the record in this action shows that that assignment remains there in the Recorder's office uncanceled. The plaintiff in ejectment must recover upon the strength of his own title. If equity would have given the heirs at law of Samuel Moss, Jr., any relief against the Sheriff's sale of the premises to the Bernals, under the false pretense that they owned the mortgage and judgment, then the plaintiff in this action cannot recover, because he has failed to deraign title from Samuel Moss, Jr., or his heirs.

V.   The deed from J. Mora Moss to the plaintiff, Pioche, dated January 2d, 1860, was not executed or acknowledged until September 12th, 1861, nearly a year after the commencement of this action. This Court has repeatedly affirmed the established rule of evidence that the plaintiff cannot recover upon a title acquired after the commencement of the action.

*Whitcomb, Pringle & Felton,* for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover the possession of a tract of land near the City of San Francisco. The case was tried before a referee, who reported a judgment in favor of the plaintiff. The defendants moved for a new trial, which was denied, and they appeal from the judgment and the order refusing a new trial, to this Court.

The plaintiff claimed title to the premises in controversy, under a grant from the Mexican Government to José C. Bernal, dated on the tenth day of October, 1839. Bernal died in 1850, and his heirs filed a claim under the grant, before the Board of United States Land Commissioners, which was duly confirmed by said Board, and also on appeal, by the United States District Court, and afterwards, on the thirty-first day of December, 1857, the Government of the United States, in pursuance of such decree of confirmation, issued a patent therefor to Carmen Sibrian de Bernal and José Jesus Bernal, the heirs of José C. Bernal. This action was commenced on the twenty-seventh day of December, 1860, more than two years after the date of the patent. The defendants

pleaded the two years' statute of limitations, prescribed by Sec. 11 of the Act of March 26th, 1856, and the main point in the present case is whether the decision of this Court in the case of *Lathrop* v. *Mills* (19 Cal. 513), in which it was held that this Sec. 11 of the Statute of March 26th, 1856, was unconstitutional and void, shall be overruled or not. The appellant contends vigorously that that decision is erroneous and should be overruled ; that the referee and the Court below erred in not sustaining the validity of that section of the statute, and therefore the judgment ought to be reversed. The case of *Lathrop* v. *Mills* was decided at the October Term, 1861, of this Court, after a full discussion of the question by the counsel on both sides, and all the Judges of the Court united in rendering the opinion. The point involved in that case was fully considered by the Court, and a lengthy opinion was filed, giving the reasons and grounds of the decision. The power of the Legislature over the whole subject of limitation of actions was not denied. Since the rendition of that decision two sessions of the Legislature have been held, and the time for limitation of actions upon patents has not been changed, but left to be determined by the general statute of limitations, which covers the whole subject matter. That the Legislature could enact a law providing that actions for the possession of land, founded upon patents, should be brought against parties in adverse possession at the time, within two years from the date of the patent, which would be constitutional and valid, does not seem to have been doubted by the Court in that case. Yet no attempt has been made by the Legislature, since the invalidity of the Act of March 26th, 1856 was declared by this Court, to reënact the same in a form free from constitutional objections. Under these circumstances this Court is asked to review its decision in that case, and to overrule it. It is now nearly two years since that decision was rendered, and, without doubt, many suits have been deferred relying upon its being sustained, and if it should be overruled now, great injury would undoubtedly be inflicted upon many parties throughout the State who have relied upon it. Under such circumstances none but the strongest reasons would justify the Court in taking such action as is asked by the appellant. Fickleness in Courts is always to be

deprecated, but especially in matters relating to titles to real estate. Stability is required in such cases above all others.  One of the greatest evils the people of this State have suffered, has been the uncertainty of its land titles, and the greater the precision and certainty of the rules of law upon the subject of titles to real estate, the more security will all classes feel in their transactions and dealings in land.  Therefore, no well considered decision ought to be overruled unless it clearly violates some well established rule of law and great evils are likely to flow from suffering it to stand as a rule of property.

In the present case we have the less hesitation in refusing to overrule the decision in *Lathrop* v. *Mills,* because that was a construction of a statute, and in such cases it is within the power of the Legislature to prevent any evils likely to flow from the decision, and to correct any misconstruction of their intention by the Court, by enacting a proper law, expressing such intention in unmistakable terms, and free from the objections upon which the decision of the Court is founded.  In this case the Legislature has had abundant opportunities, had it so desired, or had they deemed it for the interest of the people, to have enacted a law upon the subject, clear in its terms, and free from constitutional objections.  But they have not done so, and we therefore do not hesitate in declining to overrule that case.

It is also insisted by the appellant that the referree erred in refusing to dismiss the action as to James Paul, one of the defendants, on the ground that in his answer he disclaims all right, title, and interest in the premises.  It is true that the answer of this defendant closes with a disclaimer of this kind, but it also contains a general denial of all the allegations in the complaint, and then avers that " he was and still is lawfully seized and in possession" of the lands in controversy.  It also appears that he was in possession of the land at the commencement of the action and continued in possession up to the trial.  Under these circumstances his disclaimer of title was no defense to a demand for a judgment for the possession and damages for the detention of the land.  He was a necessary party to the action, being in possession, and was therefore properly made a defendant with the others.

Pioche *v.* Paul.

On the trial the defendant offered to prove that the grant to Bernal was invalid on several grounds.    He had previously offered in evidence the patent to Bernal's heirs from the Government.    The referee refused to receive the proof, and this refusal is assigned as a ground of error.    This Court has decided that a patent cannot be attacked in this manner in a collateral proceeding.    (*Doll* v. *Meader*, 16 Cal. 324; *Mott* v. *Smith*, 16 Id. 548; *Yount* v. *Howell*, 14 Id. 467; *Boggs* v. *Merced Mining Co.*, Id. 363; *Natoma Water and Mining Co.* v. *Clarkin*, Id. 551; *Waterman* v. *Smith*, 13 Id. 419; *Moore* v. *Wilkinson*, Id. 487; *Teschemacher* v. *Thompson*, 18 Id. 11; *Leese* v. *Clark*, Id. 535; *Leese* v. *Clark*, 20 Id. 387.)    These decisions clearly sustain the action of the referee on this point.

It is also urged that the City or Pueblo of San Francisco is now prosecuting a claim to several leagues of land, including the premises in controversy, in the District Court of the United States for the Northern District of California; that it is anticipated that the claim will be confirmed, and that a patent will be issued by the United States; that the defendants will be entitled to all the benefits of such patent, and therefore have a right to show the invalidity of the grant to Bernal and the patent to his heirs.    We see no evidence in the record of any title in the City of San Francisco to the premises in controversy, or of any offer to introduce any such evidence; and this Court cannot take judicial notice of such facts, if they exist.    If such evidence exists the defendants should have offered it, and then it could have been considered.    If the City of San Francisco has a title to this land, superior to that derived under the grant to Bernal, and a patent shall hereafter issue under such superior title from the United States Government to the City of San Francisco, and the defendants shall obtain that title from the city, then such title may be asserted in a subsequent action, if necessary, by the defendants, against any person claiming under an inferior title.    But that is not an issue presented in this suit.

It is also insisted that the plaintiff failed to prove a proper conveyance of the title from the patentees to himself.    His chain of title is as follows: Deed from patentees to Harvey S. Brown, dated June 4th, 1857; deed from Harvey S. Brown to J. Mora Moss,

dated September 30th, 1858 ; deed from J. Mora Moss to the plaintiff, dated January 2d, 1860.    The first objection is, that at the date of the deed to Brown, the patentees had no title to the premises, and that their deed, therefore, conveyed none.    It seems that on the tenth day of September, 1853, the patentees conveyed the land to Josselyn Hutchinson, and took back a mortgage to secure the purchase money.    They commenced an action to foreclose the mortgage, and before the decree assigned the mortgage to Samuel Moss, Jr.    A decree was duly rendered foreclosing the mortgage, and at the sale under the decree the patentees bid off the property, and on the sixth day of February, 1856, they obtained a deed from the Sheriff therefor.    It is asserted by the appellant that they bid off the property " as judgment creditors.".    We see no evidence in the record to sustain this assertion, and if there was, we do not perceive that it would make any difference.    The title conveyed by them to Hutchinson, was revested in them by the Sheriff's deed of February 6th, 1856.    If Samuel Moss, Jr., was in any way injured in these transactions his legal representatives can enforce his rights, in a proper action, but they afford these defendants no ground for impeaching the Sheriff's deed to the patentees.

The next objection to the plaintiff's chain of title is, that the deed from Moss to the plaintiff, though dated before the commencement of the suit, was not in fact executed and delivered until the date of the acknowledgment, which was nearly a year after the suit had been pending.    The witness, Applegate, testified that although this deed was not executed until after the time it bears date,' yet it " was executed and delivered a considerable time before the complaint in this action was drawn or filed."    These objections to the plaintiff's title are therefore untenable.

We have thus noticed all the material points presented by the appellant, and as no error has been shown in the proceedings of the Court below, the judgment is affirmed.